UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| COMICLINK, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT ZIPPERER, )<br>)<br>Defendant. )<br>) | 2:25-cv-00120-SDN |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

On April 1, 2025, Plaintiff ComicLink, Inc. filed a complaint against Defendant Robert Zipperer, seeking to recover monetary damages from Mr. Zipperer for comic books that Mr. Zipperer had bid for on ComicLink's auction website. ECF No. 1. Pending before the Court is Plaintiff's motion for entry of default judgment against Mr. Zipperer. ECF No. 10. For the reasons that follow, I grant Plaintiff's motion.

ComicLink filed its complaint against Mr. Zipperer on April 1, 2025, for breach of contract. ECF No. 1. Mr. Zipperer failed to answer,[1] and on July 29, 2025, the Clerk of Court entered an order granting ComicLink's motion for entry of default against Mr. Zipperer. ECF No. 9. ComicLink now moves for a default judgment against Mr. Zipperer. ECF No. 10. ComicLink seeks a sum certain of $282,305.13. ECF No. 10-1 at 3. Mr. Zipperer did not respond to the motion.

---

[1] While this case was pending, Mr. Zipperer filed for bankruptcy in Florida. ECF No. 6 at 1 ("Suggestion of Bankruptcy"). The Bankruptcy Court dismissed his bankruptcy case effective July 23, 2025. ECF No. 8-1.

1

On September 25, 2025, I held a hearing to ascertain the amount of damages. *See* Fed. R. Civ. P. 55(b)(2). Mr. Zipperer was provided notice of the hearing and did not appear.

## I.  Factual Background[2]

ComicLink is a Maine-incorporated business with a principal place of business in Portland, Maine. Compl. (ECF No. 1) ¶ 2. ComicLink hosts an online auction website that allows buyers to bid on comic books and art. Compl. ¶ 6. Mr. Zipperer is an individual who resides in Daytona Beach, Florida. Compl. ¶ 1. Because Mr. Zipperer is a defaulted party in this case, the Court accepts as true all ComicLink's well-pleaded factual allegations. *See Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.").

Per the website's terms and conditions, upon ComicLink's receipt of a buyer's bid, the buyer has made an irrevocable offer to buy the item at the bid price, including taxes and fees, if the buyer is the highest bidder. Compl. ¶ 7. Mr. Zipperer was the highest bidder for a large number of auctions, but he did not remit payment. *Id.* ¶ 8. ComicLink has either delivered the purchased products to him or has reserved the purchased products for his future delivery by buying them from third parties at market value. *Id.* ¶¶ 10–11.

Later, Mr. Zipperer provided ComicLink with comics valued at $317,818.80. ECF No. 10-1 ¶ 10. ComicLink paid him $66,500.00 for the comics, which left a balance of $251,318.80 (the "Setoff Amount"). *Id.* ¶ 11. ComicLink attests it has $101,819.00 worth

---

[2] ComicLink's allegations are "taken as true and . . . considered established as a matter of law." *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000) (citation omitted). In addition to ComicLink's well-pleaded factual allegations in the complaint, "other facts in this Section are drawn from the testimony and exhibits submitted at the . . . evidentiary hearing." *Murrell v. Patriot Front*, 762 F. Supp. 3d 65, 72 (D. Mass. 2025).

of those comics remaining for resale (the "Mitigation Amount"), *id.* ¶¶ 12–13, which results in a total of $353,137.80 to be subtracted from what Mr. Zipperer owes ComicLink, *id.* ¶¶ 11–13.

Per its terms and conditions, ComicLink charges a three percent buyer's premium for each purchase,[3] as well as a three percent surcharge for late fees if payment is not remitted within fifteen days of purchase.[4] Pl.'s Ex. 2. ComicLink also charges one and a half percent interest compounded monthly on any purchases for which payment is late. Pl.'s Ex. 2. ComicLink submitted the following table summarizing the damages amount it is seeking, including attorney's fees for litigating this case. ECF No. 10-1 at 3.

| | |
|---|---:|
| Purchase Price | $429,869.00 |
| Accrued Interest (1.5%/month) | $168,475.09 |
| Late Fees (3%) | $18,184.93 |
| Buyer's Premium (3%) | $12,896.07 |
| Setoff Amount | ($251,318.80) |
| Mitigation Amount | ($101,819.00) |
| Attorney's Fees | $6,026.93 |
| Total | $282,305.13 |

However, based on the Court's calculations using the numbers ComicLink provided, as represented above, the total damages amount adds up to $282,314.22, rather than $282,305.13.

## II. Discussion

### A. Jurisdiction

First, this Court determines that it has jurisdiction over both parties. *See Hugel v. McNell*, 886 F.2d 1, 3 n.3 (1st Cir. 1989) ("[W]here the court rendering the default

---

[3] The buyer's premium is calculated as three percent multiplied against the purchase price of the item.

[4] The late fees are calculated as three percent multiplied against the sum of the buyer's premium and the purchase price.

3

judgment is shown to lack personal jurisdiction over the defendant . . . the judgment may be . . . set aside by the rendering court on motion."). The Court has personal jurisdiction over ComicLink because it is a Maine-incorporated business. *See* 14 M.R.S. § 704-A(2)(H) (2025) (granting personal jurisdiction over a "corporation incorporated under the laws of, or having its principal place of business within, this State [of Maine]"). The Court also has personal jurisdiction over Mr. Zipperer because ComicLink's terms and conditions—which Mr. Zipperer agreed to when he used ComicLink's website to place bids—provide a Maine forum-selection clause. *See Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009) ("[M]andatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." (citation omitted)); Pl.'s Ex. 2 at 26 ("User consents to exclusive in personam jurisdiction in the Federal and State District Courts of Cumberland County, Maine.").

This Court also has subject-matter jurisdiction over the claim pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000.

### B. Liability

The second prerequisite for default judgment requires that the Court find that ComicLink has a cognizable claim for a breach-of-contract action. Because "[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint," *Franco*, 184 F.3d at 9 n.3, the allegations in the complaint are sufficient for me to find that Mr. Zipperer failed to pay for comic books which he was obligated to purchase as the highest bidder in multiple auctions.

### C. Damages

Because the Court has concluded that liability is established, I must determine the amount of damages to which ComicLink is entitled. I exercised my authority under Federal Rule of Civil Procedure 55(b)(2) to hold a hearing to establish the amount of the default judgment. *See In re The Home Rests., Inc.*, 285 F.3d 111, 114–15 (1st Cir. 2002). The exhibits introduced at the hearing, as well as the testimony of Mr. Nathanson, ComicLink's owner and president, were sufficient for me to find the amounts requested to be both reasonable and adequately supported.

In sum, ComicLink's total requested damages amount is predicated on: $429,869.00 for the purchase price of the comic books; $168,475.09 for accrued interest; $18,184.93 in late fees; $12,896.07 in buyer's premiums; and $6,026.93 in attorney's fees. ECF No. 10-1 at 3. Altogether, the total damages amount to $635,452.02. In turn, ComicLink concedes that amount should be set off by $353,137.80 for goods that Mr. Zipperer provided to ComicLink. *Id.* Thus, the total net damages that Mr. Zipperer owes ComicLink is $282,314.22.

### III. Conclusion

The Court **GRANTS** ComicLink's Motion for Default Judgment in the amount of $282,314.22. ECF No. 10.

**SO ORDERED.**

Dated this 30th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
